BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM T. BRAGDON, JR., JOHN WONG, and PATTERSON FAMILY PHARMACY,<br><br>　　　　　Defendants. | Case No. 1:10-CV-00377-OWW-SMS<br><br>**SETTLEMENT AGREEMENT AND ORDER** |

## I. PARTIES

1. Plaintiff, United States of America, and defendants William T. Bragdon, Jr., John Wong and Patterson Family Pharmacy, through their respective representatives, hereby agree to resolve the United States' civil action to recover civil penalties under the Controlled Substances Act, as amended, 21 U.S.C. §§ 801 *et seq*. (the CSA), and its implementing regulations as set forth below (the Agreement). This action arises from Defendants' dispensing of prescriptions for controlled substances via the internet in violation of 21 U.S.C. §§ 842(a)(1) and 829(b), and 21 C.F.R. § 1306.04(a). The Agreement is based upon the following facts:

## II. BACKGROUND

2. Defendants William T. Bragdon, Jr. and John Wong are California state licensed pharmacists and the independent owners and operators of defendant Patterson Family Pharmacy (collectively Defendants), a licensed pharmacy located in Stanislaus County, California.

Settlement Agreement and Order

3. Defendants are required to conduct their operations in accordance with the CSA and its implementing regulations.

4. The complaint alleges that during the period December 14, 2006 and June 13, 2007, Defendants wrongfully filled and dispensed 2,424 prescriptions for Schedule III and IV controlled substances via the internet (the Purported Prescriptions). The CSA and its regulations prohibit the distribution or dispensing of controlled substances unless done so pursuant to a lawful prescription. To be lawful, a prescription must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of their medical practice. Pharmacists have a responsibility to ensure that the controlled substances they distribute or dispense are based on a lawful prescription. The United States contends that the Purported Prescriptions were not issued for a legitimate medical purpose. These allegations and contentions compose the "Covered Conduct."

5. The CSA authorizes a civil penalty of up to $25,000 for each violation alleged in the complaint.

6. Defendants admit the allegations contained in the United States' complaint.

### III.  TERMS AND CONDITIONS

7. In consideration of their mutual promises and covenants, the United States and Defendants agree to settle this litigation upon the following terms:

A. Entry of Judgment. Defendants consent, jointly and severally, to entry of judgment in favor of the United States in the amount of $500,000.00, representing penalties and costs authorized pursuant to 21 U.S.C. §§ 801, *et seq*. Defendants shall satisfy the judgment amount via an initial payment of three-hundred thousand dollars ($300,000.00), payable as set forth below with the remainder financed over five years also as set forth below.

B. The United States may perfect its judgment by filing abstracts of judgment in the counties in which Defendants maintain real property interests, but agrees that it will not otherwise seek to enforce its judgment provided Defendants comply with this Agreement's payment terms. Further, if Defendants pay the remainder amount as set forth below, the remaining two-hundred thousand dollar ($200,000.00) balance shall be reduced to one-hundred

seventy-five thousand dollars ($175,000.00).   Finally, upon Defendants' compliance with these settlement terms, the United States will file a satisfaction of judgment with the Court.

   C.   Initial payment to the United States.  On or before August 1, 2010, Defendants shall pay to the United States the sum of $300,000.00.  Defendants shall make this payment via electronic funds transfer pursuant to written instructions the United States will provide separately.

   D.   Defendants' payment plan.  Beginning on August 1, 2010, Defendants shall pay the United States, in monthly installments, the remaining judgment amount.  Interest shall accrue at the rate of five percent (5%), compounded annually.  Of the remaining amount, Defendants shall pay the United States fifty thousand dollars ($50,000.00) within payment year one, calculated at $4,262.61 per month for twelve months.  Thereafter, based on the reduced judgment amount, Defendants shall pay the one-hundred twenty-five thousand dollar ($125,000.00) balance over payment years two through five in monthly installments of $3,013.18.  Appendix "A" hereto sets forth the amortization schedule for the reduced $175,000.00 payment plan, which shall remain in effect provided Defendants do not default under these payment provisions.

   E.   Defendants' monthly payments are due by the 1st day of each month at the United States Attorney's Office, Attention Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  Checks must be payable to the **United States Department of Justice**.  There is no prepayment penalty and Defendants are encouraged to increase their payments as their financial situation allows.

   F.   The California Board of Pharmacy has cited Defendants for violations of California law similar to the CSA violations alleged by the United States.  These are separate proceedings by separate sovereigns.  An adverse finding against Defendants, including a license revocation, by the state of California does not alter Defendants' promises, covenants and obligations to the United States under the terms of this Agreement.

   G.   Default.  Defendants shall be in default if they fail to make a timely payment and thereafter fail to cure the default within fifteen (15) days from the date the United States mails written notice of the deficiency to Defendants at the address stated in paragraph 7H, below.  If

Settlement Agreement and Order                    3

Defendants fail to cure their default, the judgment shall revert to $500,000, plus 5% interest (compounded annually) from the date judgment was entered, less any previous payments received. No further notice is required. Upon Defendants' failure to cure a noticed default, the United States may declare any unpaid balance immediately due and owing and proceed with collection efforts against Defendants.

      H. Written Notice. Whenever written notice is required, the notice shall be addressed and mailed to the individuals identified below, unless those individuals or their successors give notice of a change to the other parties in writing.

   As to the United States:

> Kurt A. Didier
> Assistant United States Attorney
> United States Attorney's Office
> 501 I Street, Suite 10-100
> Sacramento, CA 95814
> Phone 916-554-2700
> Facsimile 916-554-2900

   As to Defendants:

> Richard G. Cenci, Esq.
> 5740 North Palm Avenue, Suite 111
> Fresno, CA 93704
> Phone 559-436-1441
> Facsimile 559-436-4997

The 15 day cure period provided by the default notices referenced in paragraph 7G, above, commences from the date the United States mails a default notice to Defendants. All other notices and shall be considered effective upon receipt.

      8. In consideration of Defendants' undertakings, and subject to the exceptions stated below, the United States fully and finally releases the Defendants, their officers, directors, agents and employees and agrees to settle and relinquish all claims for civil penalties it may have against Defendants based on the Covered Conduct defined in paragraph 4, above.

      9. Defendants fully and finally release the United States, its agencies, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind

Settlement Agreement and Order            4

and however denominated) which Defendants asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, agents related to the investigation, prosecution and settlement of this matter.

    10. Notwithstanding any term of this Agreement, the following claims of the United States are specifically reserved and excluded from its scope and terms as to any entity or person:

    A. Any potential criminal liability;

    B. Any criminal, civil or administrative claims arising under Title 26, U.S. Code (Internal Revenue Service);

    C. Any administrative liability, including mandatory exclusion from any federal programs;

    D. Any liability to the United States for any conduct other than that covered by the release in paragraph 4; and

    E. Any claims based on obligations created by this Agreement.

    11. Defendants acknowledge that they are required to comply with the CSA's controlled substance record keeping, reporting and dispensing requirements.

    12. Defendants agree that any and all costs they have or will incur in connection with this matter–including payment of the settlement amount under this Agreement, attorneys' fees, costs of investigation, negotiation and remedial action–shall be unallowable costs for government contact accounting and for Medicare, Medicaid, TRICARE and FEHBP reimbursement purposes.

    13. The obligations imposed upon Defendants pursuant to this Agreement are in addition to and not in derogation of all requirements imposed upon the Defendants pursuant to all applicable federal, state and local law including, without limitation, the requirements set forth in Title 21 of the U.S. Code and the regulations promulgated thereunder.  No provision of this Agreement shall be construed as limiting the authority of the United States to enforce all statutes and regulations.

    14. Defendants have reviewed their financial situations and warrant that they are currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and will remain solvent following payment to the United States of the settlement amount.  Further, the

Settlement Agreement and Order                5

parties warrant that, in evaluating whether to execute this Agreement, that have: intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendants within the meaning of 11 U.S.C. §§ 547(c)(1); and concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange.  Finally, the parties warrant that the mutual promises, covenants and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay or defraud any entity to which Defendants were or became indebted, on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

15. If Defendants' obligations under this Agreement are avoided for any reason, including, but not limited to the exercise of a trustee's avoidance powers under the bankruptcy Code, the United States, at its sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action or proceeding against Defendants for the claims that would otherwise be covered by the releases provided herein, and Defendants agree that they shall not plead, argue or otherwise raise any defenses under the theories of statutes of limitations, laches, estoppel or similar theories that relate to the timing of the filing of any such civil or administrative claim, action or proceeding that are brought by the United States within ninety (90) calendar days of written notification to the Defendants that the releases herein have been rescinded pursuant to this paragraph, except to the extent such defenses were available on July 1, 2010.  If the United States rescinds the releases in this Agreement, the Defendants shall be relieved of all obligations under the Agreement.

16. This Agreement is not intended by the parties to be, and shall not be interpreted to constitute a release of any person or entity not identified or referred to herein.

17. Each party warrants that it has been represented by, and has sought and obtained the advice of independent legal counsel with regard to the nature, purpose and effect of this Agreement.  The parties hereby declare that the terms of this Agreement have been completely read, fully understood and voluntarily accepted following opportunity for review by legal counsel of their choice.  Nothing in this provision creates a waiver of the attorney client privilege.

18. Each party represents that it is freely and voluntarily entering into this Agreement without any degree of duress or compulsion whatsoever, after having been apprised of all relevant information and data by their legal counsel. Each party further warrants and represents that no party or its representative has made any promise, representation or warranty, express or implied, except as set forth in this Agreement and that each party has not relied on any inducements, promises or representations made by any party to this Agreement, or its representatives, or to any other person, except as expressly set forth herein.

19. This Agreement was negotiated by the parties and their respective counsel, each of whom had the opportunity to participate in the drafting hereof. It is therefore the intent of the parties that words of this Agreement shall be construed as a whole so as to effect their fair meaning and not for or against any party, the parties having waived the benefit of California Civil Code § 1654 and similar laws.

20. This Agreement is governed by the laws of the United States. If a dispute arises under the Agreement, exclusive jurisdiction and venue shall lie in the United States District Court for the Eastern District of California. To the extent that state law applies to the dispute, California law shall apply.

21. Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has been duly authorized and has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement. Each person executing this Agreement further represents that he: has read and understands its contents; executes this Agreement voluntarily; and has not been influenced by any person acting on behalf of any party. The Agreement is binding on each party and on its successors in interest, transferees and assigns.

22. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

23. A fully signed copy–including facsimile signatures–of the Agreement shall be deemed an original for all purposes, and this Agreement may be executed in one or more

counterparts, each of which shall be an original, but all of which shall constitute one instrument. The Agreement is deemed effective as of the date it is signed.

24. This document memorializes the parties' entire Agreement. The Agreement's terms are contractual and not mere recitals, and may be amended or modified in whole, or in part, at any time only by an agreement in writing, executed in the same manner as this Agreement.

25. Except as expressly provided to the contrary in this Agreement, each party shall bear its own legal and other costs incurred in connection with this action, including the preparation and performance of this Agreement.

26. The parties understand that as of the effective date, this Agreement will be a matter of public record.

FOR THE UNITED STATES OF AMERICA:

                              BENJAMIN B. WAGNER
                              United States Attorney

Dated: June 30, 2010        By:  /s/ Kurt A. Didier
                                    KURT A. DIDIER
                                    Assistant United States Attorney
                                    Attorneys for the United States of America

FOR DEFENDANTS WILLIAM T. BRAGDON, JR., JOHN WONG AND PATTERSON FAMILY PHARMACY:

Dated: June 25, 2010        By:  /s/ William T. Bragdon, Jr.
                                    WILLIAM T. BRAGDON, JR., an individual

Dated: June 25, 2010        By:  /s/ John Wong
                                    JOHN WONG, an individual

Dated: June 25, 2010          By:    /s/ William T. Bragdon, Jr.
                                     WILLIAM T. BRAGDON, JR, authorized
                                     representative of PATTERSON FAMILY
                                     PHARMACY

APPROVED AS TO FORM AND CONTENT:


Dated: June 25, 2010          By:   /s/s Richard G. Cenci
                                    RICHARD G. CENCI, ESQ.
                                    Attorney for defendants William T. Bragdon, Jr.,
                                    John Wong and Patterson Family Pharmacy

**APPENDIX "A"**

**AMORTIZATION SCHEDULE**

**ORDER**

The Court, having reviewed the court files and parties' settlement agreement (the Agreement) and finding good cause therefor, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

**Dated:**   **July 2, 2010**                                    /s/ Oliver W. Wanger
                                                                                UNITED STATES DISTRICT JUDGE